IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DUKHAN IQRAA JIHAD MUMIN,** | ) | **CASE NO. 8:12CV313** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MAYO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on several Motions filed by the parties. (Filing Nos. 5, 10, 14, 17 and 18.) For the reasons discussed below, this matter will be stayed pending resolution of Plaintiff's state court criminal proceeding.

**I. BACKGROUND**

Plaintiff filed his Complaint in this matter on September 4, 2012, against the Lancaster County Sheriff's Office, the Lancaster County Attorney, Mayo, and Eric Miller ("Miller") (collectively the "County Defendants"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff also named the Lincoln Police Department and Cronin (collectively the "City Defendants"). (*Id*. at CM/ECF p. 1.) In his Complaint, Plaintiff alleged, among other things, that he was illegally arrested and his vehicle was illegally searched on June 16, 2011. (*Id*.) Upon Plaintiff's arrest, officers confiscated his cell phone and, during the search of his vehicle, officers claimed to have "found crack cocaine." (*Id*. at CM/ECF pp. 3-4.) Thereafter, a state court criminal proceeding was initiated against Plaintiff for possession of a controlled substance with intent to distribute, *Nebraska v. Mumin*, Case No. CR11-954. (Filing No. 11-2 at CM/ECF p. 72.)

On September 19, 2012, Plaintiff filed a Motion for Preliminary Injunction asking this court to enjoin state court prosecutors from filing a "Habitual Criminal" enhancement

against him in the state court criminal proceeding. (Filing No. 5.) Thereafter, Defendants moved for and were granted extensions of time to file responsive pleadings. (Filing Nos. 6, 7, 8, and 9.)

On October 26, 2012, the County Defendants filed a Motion to Dismiss along with Brief and Index of Evidence in Support. (Filing Nos. 10, 11, and 12.) Four days later, the City Defendants filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 14 and 15.) Plaintiff responded with a Brief in Opposition to the City Defendants' Motion on November 2, 2012, and later filed a Motion for Leave to file an Amended Complaint. (Filing Nos. 16 and 17.)

On November 27, 2012, the County Defendants filed a second Motion to Dismiss along with an Brief and Index of Evidence in Support. (Filing Nos. 18, 19, and 20.) The County Defendants filed this second Motion because it appeared "that under the provisions of Fed. R. Civ. P. 15(a)(1)(B), Plaintiff was entitled to file his Amended Complaint as a matter of course." (Filing No. 20 at CM/ECF pp. 1-2.) In this Motion, the County Defendants have elected to incorporate the statement of facts and arguments contained in their original Brief filed in support of their original Motion to Dismiss. (*Id*. at CM/ECF p. 3.) Plaintiff did not respond. (*See* Docket Sheet.)

## II. DISCUSSION

### A. Motion for Leave to Amend

In his Motion for Leave to Amend, Plaintiff asks the court to permit him to file an Amended Complaint because he needs to "add additional defendants and to be more precise." (Filing No. 17 at CM/ECF p. 1.) As the County Defendants noted, Plaintiff may

2

amend his Complaint as a matter of course because he filed his Motion for Leave to Amend within 21 days of the County Defendants' filing of their original Motion to Dismiss. (*See* Filing Nos. 10 and 17.) *See also* Fed. R. Civ. P. 15(a)(1)(B), (stating that a party may amend its pleading as a matter of course within 21 days after a responsive pleading is served). Further, a motion to amend a complaint "render[s] moot" a pending motion to dismiss. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). In light of this, Plaintiff's Motion for Leave to Amend (filing no. 17) is granted. The County Defendants' original Motion to Dismiss (filing no. 10) and the City Defendant's Motion to Dismiss (filing no. 14) are denied as moot.

**B. The County Defendants' Motion to Dismiss Plaintiff's Amended Complaint**

As discussed above, the County Defendants have incorporated the statement of facts and the arguments associated with their original Motion to Dismiss into their Motion to Dismiss Plaintiff's Amended Complaint. (Filing No. 20 at CM/ECF p. 3.) Thus, the court will consider the County Defendants' original Brief (filing no. 12), in addition to their new Brief (filing no. 20), in addressing the County Defendants' Motion to Dismiss Plaintiff's Amended Compliant. In these Briefs, the County Defendants argue the court should stay this matter "until disposition of the state proceedings." (Filing No. 12 at CM/ECF p. 7; *see also* Filing No. 20 at CM/ECF pp. 3-4.) For the reasons discussed below, the court agrees with the County Defendants.

Liberally construed, Plaintiff's Amended Complaint raises Fourth Amendment claims for false arrest and illegal search and seizure. (Filing No. 17 at CM/ECF pp. 8-12.) If Plaintiff had already been convicted of the crime he is charged with, possession of a

3

controlled substance with intent to distribute, his Fourth Amendment claims could face a potential bar under *Heck v. Humphrey*, 512 U.S. 477 (1994). Indeed, as set forth by the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck*, if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck,* 512 U.S. at 486-87.

However, the Supreme Court has declined to extend *Heck* to actions which would impugn an anticipated future conviction. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Using a false arrest claim as an example, the Supreme Court explained why such an extension of *Heck* is impractical:

> In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see *Heck*, 512 U.S., at 487, n.7, 114 S.Ct. 2364—all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the *Heck*-required setting aside of the extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs—what will the trigger be then?
>
> We are not disposed to embrace this bizarre extension of *Heck*. If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See *id.*, at 487-488, n.8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel

state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S. Ct. 2364.

*Wallace*, 549 U.S. at 393-94. Indeed, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394,(citations omitted). The Eighth Circuit has stated *Wallace* indicates "that if [a] plaintiff files [a] civil action alleging false arrest and the claim necessarily requires the invalidation of an anticipated future conviction, the federal court should stay the § 1983 action until the criminal case is terminated." *Abdullah v. Minnesota*, 261 F. App'x 926, 926 (8th Cir. 2008),(citing *Wallace*, 549 U.S. at 393-94.)

After careful review, the court finds that Plaintiff's Fourth Amendment claims, if successful, necessarily require invalidation of a future conviction on the charges pending against him in *Nebraska v. Mumin*, Case No. CR11-954. Thus, it is appropriate to stay Plaintiff's Fourth Amendment claims pending resolution of Plaintiff's state court criminal proceeding.

To the extent Plaintiff asserts claims for conspiracy and claims against Lancaster County or the City of Lincoln under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), such claims may not be pursued in the absence of an underlying constitutional deprivation or injury. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007), ("Without a constitutional violation by the individual officers, there can be no § 1983 or

5

*Monell* failure to train municipal liability."); *Haten v. Sch. Dist. Of Riverview Gardens*, 183 F.3d 799, 809 (8th Cir. 1999), ("a claim of civil conspiracy 'does not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established'"). Thus, the court will also stay these claims as they may also impugn a future conviction. To the extent plaintiff raises any additional claims, principles of judicial economy and the avoidance of piecemeal litigation require that the entire case be stayed.

The stay will remain in effect until Plaintiff's state court criminal proceeding is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay will remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court.[1]

**C.    Plaintiff's Motion for Preliminary Injunction**

Also pending is Plaintiff's Motion for Preliminary Injunction. (Filing No. 5.) The standards set forth by *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to these motions. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

---

[1] The court cautions Plaintiff that, due to the stay, no final determination has been made regarding his claims or any defenses thereto. Moreover, the stay does not suggest that Plaintiff should refrain from raising his constitutional concerns in his state court criminal proceeding, or any appeal therefrom.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Accordingly, his Motion for Preliminary Injunction is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Amend (filing no. 17) is granted;

2. The County Defendants' original Motion to Dismiss (filing no. 10) and the City Defendants' Motion to Dismiss (filing no. 14) are denied as moot;

3. This matter is stayed until Plaintiff's state court criminal proceeding, *Nebraska v. Mumin*, Case No. CR11-954, and any appeal therefrom, is resolved;

4. The Clerk of the court is directed to administratively close this case;

5. Plaintiff must file a written status report no later than September 23, 2013, advising the court about the status of his state court criminal proceeding;

6. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: September 23, 2013: deadline for Plaintiff to file written status report;

7. Plaintiff shall notify the court, in writing, whether he would like to reopen this matter within 30 days after the pending criminal proceeding, and any appeal therefrom, is resolved. The court warns Plaintiff that if he fails to move to reopen this matter, in accordance with this Memorandum and Order, the court may decline to reopen this matter and enter judgement against him for failing to follow this court's orders;

7

8. The County Defendants' Motion to Dismiss Plaintiff's Amended Complaint is denied without prejudice to reassertion if Plaintiff moves to reopen the case; and

9. Plaintiff's Motion for Preliminary Injunction (Filing No. 5) is denied.

DATED this 26th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.